The Honorable Charlotte T. Schexnayder State Representative P.O. Box C Dumas, Arkansas 71639
Dear Representative Schexnayder:
This is in response to your request for an opinion on whether the Grady-Gould Drainage District (the "District") "may legally pay into work which will be undertaken in another drainage district." You state that the project involves the widening of a canal in the Cummins and Cypress Creek Drainage Districts, with the desired result being the improved outlet for drainage in Grady-Gould as well as the other districts. You note that the Grady-Gould District Commissioners have indicated their willingness to help with the local match on the project necessary for the federal government to proceed with the work.
A review of the various potentially applicable laws in this area compels me to suggest, as an initial matter, that the District consult with counsel to whom it ordinarily looks for advice in addressing this matter. My lack of familiarity with the particular laws under which the District was formed, and the factual context in which this question is asked, dictates a general response to your question. In any event, however, the likely existence of questions of fact highlights the need for review by the District's counsel.
Your reference to the federal government's involvement in the project suggests the applicability of A.C.A. § 14-121-801, which states, under subsection (a):
 (a) All drainage districts organized under the laws of Arkansas, within whose boundaries the federal government has been, or shall hereafter be, authorized to do improvement work in aid of drainage and flood control, pursuant to an act of Congress, whereby the ditches and drains are to be cleared of obstructions, deepened, widened, and repaired, and the natural drains within a district are to be improved by clearing, dredging, or making cutoffs therein, are authorized to cooperate with the Department of Defense of the United States or other federal agency by permitting the work to be done in the district, and by furnishing any right-of-way necessary for the drainage improvement, for which purpose the districts shall have the right of eminent domain in accordance with §§ 18-15-1001 — 18-15-1011, and amendments thereto.
Subsection (b)(2) of § 14-121-801 states:
 Where the plans for proposed improvement cover and include an area in which more than one (1) drainage district is located, and all of the included districts are part of one (1) comprehensive plan in the same drainage basin, then the districts in the affected area are authorized to form a permanent committee, composed of one (1) member from each of the districts, who shall be elected by the commissioners of each district, who may or may not be a commissioner, for the purpose of facilitating compliance with the regulations of the Secretary of Defense or other federal agency with reference to procuring all necessary commitments and assurances from the respective drainage districts, obtaining rights-of-way for the project, and as to inspections and maintenance of drainage and flood control works when completed by the federal government.
This Code section also authorizes the participating districts' employment of ". . . a competent person to coordinate and perform the work and such clerical help as [the committee] deems necessary for the purpose." A.C.A. § 14-121-801(b)(3). The referenced "committee" is the "permanent committee" authorized under subsection (b)(2), supra.
With regard to the expense of the proposed improvement, subsection (b)(4) states:
 The expense thereof shall be considered as maintenance costs, which shall be paid by and apportioned among, the districts in such areas on the basis of the total acreage in the districts in a fair and equitable manner. [Emphasis added.]
Arkansas Code of 1987 Annotated § 14-120-701 also reflects the legislature's awareness of the fact that more than one drainage district may be involved in a project. The purpose of this section is to ". . . require levee and drainage districts to keep their facilities in proper repair, whenever the districts shall have given assurances to the federal government that maintenance of a facility would be provided upon its completion." A.C.A. §14-120-701(a). The focus of this Code section is on the adequate maintenance of facilities constructed through the cooperation of the federal government. A.C.A. § 14-120-701(b). Subsections (c) and (d) state:
 (c) The General Assembly also recognizes that a number of levee or drainage districts may be involved in an overall connecting levee or drainage project that results in mutual benefits to all districts in the affected area.
 (d) If one (1) or more of the districts fails to provide adequate maintenance according to the assurance given the federal government, the lack of maintenance can jeopardize the entire project.
The districts must take ". . . all appropriate action to maintain their levee and drainage facilities according to the assurances given to the federal government." A.C.A. § 14-120-703(b). Section14-120-702(a) states:
 The board of commissioners of any drainage or drainage and levee district organized under the laws of the State of Arkansas are authorized and empowered to purchase, lease, or rent, separately as individual districts or jointly with other districts
such machinery, equipment, and material to be used in repairing, deepening, widening, cleaning, and maintaining the ditches and levees of their districts. [Emphasis added.]
It thus appears that there is authority for the cooperation of separate districts in connection with district maintenance. As previously noted, however, the applicability of these provisions should be determined by counsel for the District. The ability of the District to contribute to the project under these, or other, Code provisions will, it seems, depend upon the particular facts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh